GENERAL RENTING & INVESTMENT COM-
PANY, Respondent, v. JOHN BERNARDNON,
Appellant.

St. Louis Court of Appeals, March 5, 1912.

1. **APPELLATE PRACTICE: Conclusiveness of Findings of Fact.** The finding of the trial court on conflicting evidence is conclusive on appeal.

2. **ACCORD AND SATISFACTION: Burden of Proof: Receipt Construed.** Where a cement walk was not laid in accordance with the specifications, a receipt for a less amount than the contract price, reciting that the contractor guaranteed the work for two years, does not on its face completely displace the contractor's prior obligation to perform the work in accordance with the specifications, or reveal a settlement on account of the breach of that obligation, so as to shift the burden on the owner to show, in an action for damages for .the breach, that such damages were not included in the settlement, and hence the burden to prove they were so included rested on defendant.

3. ————: **Nature: Burden of Proof.** The plea of accord and satisfaction is one of confession and avoidance, and ordinarily the one pleading it has the burden of proof to sustain it.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Seneca C. Taylor* and *H. A. & C. R. Hamilton* for appellant.

(1) Accord and satisfaction discharges a liability and the agreement between the parties in satisfaction of such liability defines and limits their obligation. 1 Am. and Eng. Ency. Law, p. 423; Marshall v. Larkin, 82 Mo. App. 635; Worden v. Houston, 92 Mo. App. 371; Babcock v. Hawkins, 23 Vt. 561. (2) The receipt of December 21, 1904, was executed after plaintiff claimed it noticed defects in the work and after a dis-

pute between the parties; unless it clearly appears that the parties agreed to leave the matter open, the receipt is conclusive upon them. Corder v. Martin, 17 Mo. 36; Reisenleiter v. Lutherische Kirche, 29 Mo. App. 291.

*Arthur Digby* for respondent.

(1) The appellant must be consistent, and if he asks the court below to proceed in a certain manner, he cannot complain in an appellate court that the action is erroneous. Stevens v. Crane, 116 Mo. 408; Harper v. Morse, 114 Mo. 317. (2) Where a jury is waived and the issues of fact are submitted to the court, all presumptions are in favor of the correctness of the finding of the court upon the questions of fact involved. Bond & Stock Co. v. Louis Houck, 213 Mo. 416; Jordan v. Davis, 172 Mo. 599; Hamilton v. Boggess, 63 Mo. 251. (3) In law cases the appellate court does not, as a rule, review the evidence further than to ascertain if there was any substantial evidence to support the verdict. Brewing Co. v. St. Louis, 209 Mo. 600; Furniture Co. v. Toll, 133 Mo. App. 404. (4) A party will not be heard to complain of instructions similar to those asked by him. Whitmore v. Supreme Lodge, 100 Mo. 36; Tube Works Co. v. Machine Co., 201 Mo. 30.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of a breach of contract for laying concrete sidewalks. A jury was waived and the issue tried before the court. Plaintiff recovered and defendant prosecutes the appeal.

It appears that plaintiff, a corporation, erected a number of residences on Vernon avenue in the city of St. Louis and let the contract to defendant for the construction of concrete walks, steps, foundations,

etc. The work was to be done according to certain plans and specifications furnished by plaintiff, and it amounted in all to more than $1000 in value. The evidence tends to prove that defendant breached the contract, in that he omitted to construct the sidewalks according to the plans and specifications. It is said that defendant not only employed an insufficient amount of cement in the walks, but constructed them defectively throughout, and the court so found the fact to be. Subsequently, the walks cracked, crumbled and became worthless. By his answer, defendant pleaded an accord and satisfaction, to the effect that in December, after the walks were completed, he made a full and complete settlement with plaintiff, taking into account all of the items of damage for which the suit is prosecuted; that at this settlement defendant was required to forego a portion of the amount due him and accept from plaintiff $200.13 in full of all claims, etc.

It is argued, first, that the evidence conclusively shows an accord and satisfaction was had between the parties as pleaded in the answer and that plaintiff, after requiring defendant to forego a portion of his account, accepted from him a guaranty of the work for two years in lieu of all other claims. A recovery was allowed for defective construction of the walks and for failure of defendant to comply with the plans and specifications without regard to his guaranty for two years. Because of this, it is argued the judgment should be reversed. The evidence is by no means conclusive touching the matter of accord and satisfaction as urged by defendant. While it appears plaintiff knew the walks were not constructed as they should be at the time the final payment was made, the evidence is that the dispute between the parties at that time concerned the measurements. By the contract plaintiff was to receive fourteen cents per square foot for laying the walks, and he claimed a balance of $217

therefor. Plaintiff disputed the measurement as to this, and both parties remeasured the work. After this remeasurement, they agreed that the amount due defendant therefor was $200.13. Plaintiff paid this amount to defendant and received a receipt therefor, which by its last clause contains the guaranty of the work for two years. According to the testimony of defendant, this settlement contemplated the defective condition of the walks, and he reduced his demand on account of that. But, as said, plaintiff insists to the contrary and says the matter in dispute concerned the measurements only. The receipt executed by defendant to plaintiff at the time the final payment was made is as follows:

"$200.13.                  St. Louis, Mo., 21 Dec., 1904.
       Received from General Renting and I. Co., two hundred 13-100 dollars, in full for all granitoid and cement work done on Olive, Vernon Ave. and Cates Ave. jobs. I guarantee this work for two years.
                "VENETIAN MOSAIC & GRANITOID Co.,
                          By JOHN BERNARDON, Prs."

Touching this matter, both parties, by their instructions, formed an issue of fact for the court. On this issue the court found for plaintiff to the effect that no accord and satisfaction as to the defective condition of the walks was had. There is substantial evidence in the record which tends to support the finding of the court that defendant did not forego any portion of the amount claimed by him for the purpose of compensating plaintiff on account of the defective condition of the walks and that plaintiff did not accept the guaranty for two years in lieu of defendant's obligation to perform his contract for building the walks in accordance with the plans and specifications. This being true, the judgment to the effect that no accord and satisfaction was had between the parties is con-

clusive on appeal, for we may not weigh the evidence here. [Donaldson Bond, etc., Co. v. Houck, 213 Mo. 416, 112 S. W. 242.]

By an instruction given for plaintiff, the court placed the burden of proof touching the accord and satisfaction on defendant, and it is argued this was error, for it is said that upon its appearing a settlement was made in December the burden of proof shifted to plaintiff to show that the claim for damages was not included in that settlement. There is nothing whatever in the writing above copied containing the receipt and guaranty suggesting that a settlement was had on account of the defective construction of the walks, and plaintiff's evidence disputes the proposition throughout. The words, "I guarantee this work for two years" in no sense imply that plaintiff released defendant from his obligation to construct the walks in the first instance in accordance with the plans and specifications stipulated in the original contract. Nothing whatever appears to this effect in the writing. In other words, this language, forming the subsequent guaranty of the work, does not completely displace and supersede the prior obligation to perform it according to the plans and specifications and reveal a settlement on account of the breach of that obligation so as to shift the burden on plaintiff to show the defective construction was not included in the settlement. The plea of accord and satisfaction is one in confession and avoidance and ordinarily when a defendant pleads it the burden of proof is with him to sustain it. [2 Greenleaf on Evidence (16 Ed.), sec. 32.] We discern nothing in the record before us which relieves the matter from the influence of the general rule. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.